Ewing, C. J.
This case comes before us on a writ of error to the Court of Common Pleas of the Borough of Elizabeth.. In July, 1827, a judgment was entered up in that court in favor of Thomas Latham against Thomas Lawrence, Jr.r upon a bond and warrant of attorney. The affidavit produced before the judge and filed with the papers in the cause, sets forth the consideration of the bond in the following words: “ That the true consideration of the said bond is-for one note of hand bearing date the eighteenth day of October eighteen hundred and twenty-four, for one hundred and twenty dollars, payable to the said Thomas Latham, six months after date, with interest, and also for another note-of hand, bearing date the second day of April eighteen hundred and twenty-five, for ninety dollars, payable to the said Thomas Latham, four months after date, with interest, both of which said notes were drawn by the said Thomas-Lawrence, Jr., and also for a book account against the said *385 Thomas, amounting to one hundred and twenty-eight dollars and fifty-four cents.” The residue of the affidavit is not brought into question.
At the term next after the signing of the above mentioned judgment, Meeker and Brittain, judgment creditors of Lawrence the defendant, moved to set aside the judgment, and the execution which had issued thereon, for deficiency of the affidavit; and in December term, 1827, the court, after argument, ordered the judgment and execution to be set aside. A writ of error being brought, the parties have submitted to us a state of the case, and agreed that “ if in the opinion of this court, the affidavit was sufficient in *law to authorize the entry of said judgment, the [*325 judgment of the Court of Common Pleas, setting aside the said judgment on the said bond and warrant of attorney be reversed. But if the said affidavit is in the opinion of this court, insufficient in law, then that the said judgment bo affirmed.
The affidavit does not, in my opinion, fulfill the requirement of the statute, and was not therefore sufficient to authorize the entry of the judgment. The statute, Lev. Laws 687, sec. 5, says the affidavit shall state, “ the true consideration of the said bond or obligation.” An attempt, real or illusory, has been made to do so in this affidavit; but it does not reach the intent or direction of the legislature. “ It keeps the word of promise in our ear, but breaks it in our hope.” The design of the statute was to prevent the entry of fraudulent judgments, of judgments having no real, actual, honest foundation, but intended to create fictitious liens, to defeat honest creditors and to cover and protect the property of knavish debtors; and one measure whereby this design was to be effected, was to require, upon the conscience of the creditor, a statement of the true consideration of the bond. “ The consideration ” says Blackstone, “ is the price or motive of the contract.” A statement of the manner in which the debt arose is obviously *386 called' for. Not merely what evidence has been given of the debt, which is all a promissory note bespeaks; but what is the price of the debt, the cause of the indebtedness. Thus if a loan of money, a sale of goods or lands, a difference of value in the exchange of horses, or whatsoever else it may be, is the price of the debt or the manner in which it occurred, the affidavit should set- forth the one or the other, according to the fact, and in doing so, general terms may be used, for the legislature have not required a specification, yet must it be sufficiently precise to disclose the real nature of the transaction. If at least so much disclosure is not required, if the mode pursued in this affidavit suffice, it is obvious that the salutary aim. of the legislature may be most easily eluded. The consideration is two notes of hand; but for what were those notes given? For an actual, real, honest' debt ? For an illegal contract ? Upon usury ? or to create a fictitious debt ? or simply to make a consideration for a bond, so as to satisfy a formal affidavit and sustain an entry of judgment? “ Bearing date the 18th day of October, *326] 1823,” is no averment that the note was then *executed and issued. What is there then to shew so far as it respects the setting forth of the consideration in this affidavit, that this was.not all a transaction concocted within the very hour when the judgment was entered up and wholly devised to evade the statute.? It was said, the statute requires the affidavit to state, as another clause of this affidavit does, that the debt for which the judgment is confessed, is justly due and owing; and that this cannot be true, if there is no fair and actual consideration for the bond. It is strictly so; yet it would be to shut our eyes on all experience to deny that a large portion of the community, holding promissory notes, would unhesitatingly say, they were justly due and owing, from the very fact of holding them, though given for gambling debts, or on illegal transactions, or even if given voluntarily and without any consideration. Moreover, as the legislature have required both these matters to be inserted *387 in the affidavit, it is obvious they were regarded, as in truth they are, as distinct and independent matters; that the one ■could not stand for or supply the place of the other; that both were important to promote the views of the legislature; and that either being omitted, the affidavit is essentially ■defective.
The clause of the affidavit, which sots forth part of the alleged consideration to be, " for a book account against the said Thomas, amounting to one hundred and twenty-eight dollars and fifty-four cents,” falls, like the rest, short of what the statute demands; and for the same reasons. The nature of the charges on the book should have been stated ; whether for materials sold, for work done, or for whatever else was and might be properly entered in such a book. Not that “ a minute detail of sums and dates ” is required, but that the consideration should at least bo stated “ in general terms.” Scudder v. Coryell, 5 Halst. 340.
The affidavit being defective and insufficient, the judgment of the Court of Common Pleas, setting aside the judgment by confession, should, according to the agreement of the parties, and of course without question whether this matter is assignable for error be affirmed; and with costs.
The other justices concurred.